IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL HORTON, #296617,** | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 20-0464-TFM-MU |
| **CAPTAIN GILCHRIST,** *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Horton, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). This action is now before the undersigned on Plaintiff's Motion to Add Defendants in Accordance with Rule 21 of the Federal Rules of Civil Procedure (Motion). (Doc. 31, PageID.80). Upon consideration of the Motion, it is recommended that the Motion be granted, in part, and denied, in part.

In the Motion, Horton seeks to add as Defendants Sgt. Jesse Wilson, Capt. Joshua Morgan, Lt. Thomas Banda, Lt. Talley, and Capt. Wasdin. (*Id.* at 1, PageID.80). Regarding Lt. Thomas Banda, Horton wants to add him and drop Defendant Lt. Vander, who the Court has been unable to serve, which Horton attributes to his misspelling of this Defendant's name. (*Id.*). Upon consideration, the Motion is granted to the extent that Horton seeks to substitute Lt. Thomas Banda for Lt. Vander.

As for the claims against the four putative Defendants in the Motion, Horton states that "all or most of all were present during the violation as set forth in [his] initial complaint" and their names were not previously known to him. (Doc. 31 at 2, PageID.81). He states that the "initial complaint presents claims against all the above named Defendant(s) as acts or omi[]ssions on their part[,]" (*id.*)., which is contrary to the undersigned's finding.

In the original complaint Horton complains about a strip search and a visual cavity search conducted by Defendants Lt. Vander (Banda) and Lt. Gilchrist in front of two female corrections officers, T. Cunningham and T. Dailey, in the hallway, instead of in a restroom. (Doc. 1 at 8, PageID.8). Horton alleged that John Doe came into the barbershop for a towel for the ice cooler cart. (*Id.*). Later, he returned with Richard Doe, a dog handler, who determined that no contraband was in the barbershop. (*Id.*). Except for the two Doe Defendants, the two female officers, and the two named Defendants (Lt. Vander and Lt. Gilchrist), the initial complaint contains no reference to other correctional officials.

Horton's Motion simply relies on the original Complaint and gives no indication as to how each of these putative Defendants violated his constitutional rights. Moreover, Horton cannot rely on his reference to the Doe Defendants in his Complaint because no constitutional violation was alleged against them; that is, no negative interaction between the Doe Defendants and Horton was pled, much less a violation of the Constitution. All that is known about these putative Defendants from the Motion is they were allegedly present. Based on the information before the Court, these four Defendants appear merely to be witnesses.

Because Horton is proceeding *in forma pauperis* (Doc. 6), the Court is required to screen his proposed amendment pursuant to 28 U.S.C. § 1915(e)(2)(B). This section requires the dismissal of a claim or complaint "if it is frivolous or malicious, fails to state a claim a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). *See Selensky v. Alabama*, 446 F. App'x 213, 213 (11th Cir. 2011) (affirming the dismissal of the amended complaint pursuant to § 1915(e)(2)(B)(i) as frivolous), c*ert. denied*, 508 U.S. 864 (2012).

Furthermore, Rule 21, Federal Rules of Civil Procedure, states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED.R.CIV.P. 21. The standard that courts employ to make a determination under Rule 21 is the standard used for Rule 15, Fed. R. Civ. P. *Loggerhead Turtle v. Cnty. of Council of Volusia Cnty., Fla.*, 148 F.3d 1231, 1255 (11th Cir. 1998).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given," except in the presence of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]'" *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). With respect to futility, the law of this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles*

*Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999). A complaint is futile "when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (affirming the denial of the motion to amend because the defendant would be entitled to summary judgment on the merits).

In a § 1983 action to state a claim, Horton must establish a *causal connection* between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional or federal rights. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.) (same), *cert. denied*, 464 U.S. 932 (1983). That is, a defendant must be the proximate cause of a plaintiff's injuries. *Troupe v. Sarasota Cnty., Fla.,* 419 F.3d 1160, 1165 (11th Cir.), *cert. denied*, 547 U.S. 1112 (2006).

In the original Complaint, the allegations do not demonstrate the four Defendants who Horton wants to add were the proximate cause of his injuries. Nor do the allegations reflect that each violated his constitutional rights. Thus, in the absence of the required causal connection, Horton has failed to state a § 1983 claim against the four putative Defendants.

If Horton would argue that these four Defendants were present when a constitutional violation occurred and, therefore, should have intervened, such an argument is without legal merit. The Constitution only requires that intervention by a prison official occur when excessive force is being used on a prisoner by another prison official. *Skrtich v, Thornton,* 280 F.3d 1295, 1301 (11th Cir. 2002); *cf. Giddens v. Brooks Cnty., Ga.,* 2022 WL 836273, at *4 (11th Cir. Mar. 21, 2022) ("We have recognized a

4

cause of action for failure-to-intervene in cases involving claims of excessive force and false arrest[.]"). However, no allegations of excessive force are present in the original Complaint. Furthermore, an officer must be in the position to intervene in the constitutional violation yet failed to do so. *Grimes v. Felder,* 747 F. App'x 752, 753 (11th Cir. 2018). Thus, if Horton's claim against the four Defendants is for failure to intervene, no claim has been stated against them, and the claim against them would be subject to dismissal because it would be futile.

Accordingly, the Motion is due to be denied to the extent that it seeks to add as Defendants Sgt. Jesse Wilson, Capt. Joshua Morgan, Lt. Talley, and Capt. Wasdin because the Motion is futile as to them. Moreover, it does not appear that Horton would be able to state a violation of a constitutional right against these prospective Defendants arising from the same facts against Banda and Gilchrist in another amendment because Banda and Gilchrist are the only defendants who were alleged to be involved in the strip and visual cavity search of Horton.

Based upon the foregoing reasons, it is recommended that Horton's Motion to Add Defendants Sgt. Jesse Wilson, Capt. Joshua Morgan, Lt. Talley, and Capt. Wasdin (Doc. 31, PageID.80) be denied, and be granted to the extent it seeks to substitute Lt. Thomas Banda for Lt. Vander.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 8th day of August, 2022.

**s/ P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**
