### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL HORTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    CIV. ACT. NO. 1:20-cv-464-TFM-MU |
| | ) |
| **CAPTAIN GILCHRIST,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

### MEMORANDUM OPINION AND ORDER

On March 27, 2023, the Magistrate Judge entered a Report and Recommendation which recommends that Defendants' motion for summary judgment (Doc. 42) be granted and Plaintiff Michael Horton's claims against Defendants Gilchrist and Banda be dismissed in their entirety. *See* Doc. 47. Plaintiff received an extension and timely filed his objections on April 24, 2023. *See* Doc. 56. No response to the objections was filed and the timeframe has passed. As such, the Report and Recommendation is ripe for review.

Petitioner's objections, though lengthy, make many of the same arguments that he previously made. Further, he does not make any arguments that can offset the qualified immunity analysis made by the Magistrate Judge.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). To be protected by qualified immunity, the government official must first demonstrate that he was acting within the scope of his discretionary authority.

*Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). Next, courts utilize a two-part framework to evaluate qualified immunity claims. *Castle v. Appalachian Tech. College*, 631 F.3d 1194, 1197 (11th Cir. 2011). The first element is whether the plaintiff's allegations, if true, establish a constitutional violation. *Pearson*, 555 U.S. at 232, 129 S. Ct. at 815-16 (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)). The second element is whether the constitutional right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id*. at 232, 129 S. Ct. at 816. The first inquiry may be a mixed question of law or fact, but the second inquiry is purely a question of law. *Hall v. Flournoy*, 975 F.3d 1269, 1275 (11th Cir. 2020). "Both elements of this test must be present for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case." *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) (citing *Pearson*). If a plaintiff fails to establish either one, then the defendant it entitled to qualified immunity.

As noted above, the first question may be a mixed question of law and fact – i.e. what did the officer do and did it violate the law? The second question is wholly distinct from the merits of the case and is solely a legal question – i.e. even if the events transpired the way the plaintiff asserts, did the alleged misconduct amount to a violation of clearly established law? *Hall*, 975 F.3d at 1275. In this case, even if Plaintiff could push beyond the first inquiry, he certainly fails at the second as noted by the Magistrate Judge. Therefore, qualified immunity applies and summary judgment must be granted.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the objections are **OVERRULED** and the Report and

Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Defendants' motion for summary judgment (Docs. 42, 43) is **GRANTED**.

Based on the above, that leaves only fictitious parties as the remaining defendants – specifically John Doe (officer) and Richard Doe. As a general matter, fictitious party pleading is not permitted in federal court. *See, e.g.*, *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *see also Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (recognizing limited exception to the general rule). Plaintiff's Complaint does not make a *prima facie* showing that his use of a fictitious party falls within an exception to the general rule recognized in this Circuit's jurisprudence. Plaintiff was previously advised of this issue in the order issued on June 30, 2021. *See* Doc. 17 at n. 1. Therefore, the fictitious parties are **STRICKEN** from the complaint.

As there are no named defendants left, it is **ORDERED** that this action is **DISMISSED with prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 10th day of May, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE