IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:20-cv-464-TFM-MU |
| | ) |
| CAPTAIN GILCHRIST, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Rule 59(e) Motion to Alter, Vacate, or Amend Adoption of R&R and Alternative Request for C.O.A. (Doc. 60, filed 5/22/23). Having reviewed the motion, the Court finds that no response is necessary prior to the issuance of this opinion. Additionally, the Court notes that a supplemental objection was filed the day after the adoption of the report and recommendation and after the Rule 59 motion, several other "letters". *See* Docs. 59, 61, 62, 63. The Court considers all these documents along with the Rule 59 motion here.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment. FED. R. CIV. P. 59(b). The Rule 59 motion was timely filed as the judgment was entered on May 10, 2023.

The Court finds nothing in the Rule 59 motion for reconsideration that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Rather, the matters are all matters that were previously litigated or could have been raised previously. Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59. Accordingly, Plaintiff's motion for reconsideration (Doc. 102) is **DENIED** under Rule 59.

Though not specifically referenced, because he is *pro se*, the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief. As such, the motion for reconsideration (Doc. 102) is **DENIED** under Rule 60.

Finally, Plaintiff requests a "C.O.A." in his motion header and in a letter dated July 5, 2023 (Doc. 63), but the Court notes that this case is one brought under 42 U.S.C. § 1983 as opposed to a habeas case. As such, the Court construes the request as a motion to appeal *in forma pauperis*.

28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to

good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court certifies that any appeal would be without merit and not taken in good faith and therefore, Horton is not entitled to proceed *in forma pauperis* on appeal. Nothing in this order precludes Plaintiff Horton from filing a motion to proceed *in forma pauperis* directly with the Eleventh Circuit Court of Appeals should he decide to do so.

**DONE** and **ORDERED** this 7th day of September, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.